UNITED STATES DISTRICRT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON VAN CLEVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No: 1:22-cv-611 ) ) |
| MD LOGISTICS, LLC, | ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Sharon Van Cleve ("Van Cleve"), by her undersigned counsel, and for her Complaint and Demand for Jury Trial against the Defendant, MD Logistics, LLC ("MD Logistics"), states as follows:

### INTRODUCTION

1. Van Cleve brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), because MD Logistics discriminated against her, a qualified individual with a disability and over the age of 40, in violation of the ADA and ADEA by refusing to accommodate her disability and terminating her employment.

### PARTIES

2. Plaintiff Sharon Van Cleve is a United States Citizen and a resident of Brownsburg, Indiana.

3. At all times relevant to this Complaint, Van Cleve was employed by the Defendant, MD Logistics, at 700 Perry Road, Plainfield, Indiana 46168.

4. Defendant MD Logistics is a for-profit corporation that, at all times relevant to this Complaint, conducted business within the territorial jurisdiction of this Court. The corporate office for Defendant MD Logistics is located at 1301 Perry Road, Suite 101, Plainfield, Indiana 46168.

5. Defendant is an employer within the meaning of the ADA and the ADEA.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically the ADA and the ADEA.

7. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8. Van Cleve was employed by MD Logistics at its Plainfield warehouse from September 2016 to June 2021.

9. Van Cleve was 64 years old when she was terminated.

10. At all relevant times, Van Cleve worked for MD Logistics as a "warehouse worker." Van Cleve's duties consisted of packing and shipping items such as lotions and perfumes.

11. Van Cleve suffers from foot and bone conditions that substantially limit her ability to walk and to engage in other major life activities.

12. Van Cleve fractured her ankle in two places as a result of her foot and bone conditions.

13. On February 23, 2021, Van Cleve had reconstructive ankle surgery to fix a defective arch after breaking her ankle in two places.

14. On April 20, 2021, Van Cleve's doctor wrote a note stating that she was to remain off of work until an assessment could be done at Van Cleve's next appointment on June 7, 2021.

15. Van Cleve took FMLA leave and short-term disability leave following the reconstructive ankle surgery.

16. On June 7, 2021, Van Cleve's doctor wrote a letter stating that Van Cleve would not be able to return to work until July 12, 2021, at which time she could work six hours per day, and that she could return to full duty on August 9, 2021.

17. Van Cleve sent the doctor's return-to-work letter to the Defendant on June 7, 2021.

18. On June 8, 2021, the Defendant's employee, Jalissa, called Van Cleve and told her that she was not needed to work anymore, without discussing any accommodations for the restrictions given by Van Cleve's doctor.

19. Van Cleve's position was not eliminated.

20. Van Cleve was and is capable of performing the essential functions of her position with or without accommodation.

21. Following Van Cleve's termination, the Defendant's Human Resources department sent Van Cleve a discharge letter that did not explain why she was terminated.

22. Van Cleve believes she has been discriminated against based on her disability and age.

## ADMINISTRATIVE PROCEDURES

20. Van Cleve filed an EEOC charge on or about August 3, 2021.

21. The EEOC issued Van Cleve a right-to-sue letter on January 31, 2022.

22. This Complaint is timely filed within ninety days of the date that Ms. Van Cleve received the right-to-sue letter.

## **CAUSES OF ACTION**

### COUNT 1
*Americans with Disabilities Act*

23. Van Cleve incorporates and realleges the allegations contained in paragraphs 1-22 herein.

24. At all relevant times, Van Cleve was an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(5).

25. Van Cleve is a qualified individual with a disability under the ADA as she suffers from a physical impairment that substantially limited one or more of her major life activities and she is capable of performing the essential functions of her job with a reasonable accommodation.

26. MD Logistics regarded Van Cleve as disabled because it assumed that her ankle injury would prevent her from performing essential functions of her job.

27. MD Logistics discriminated against Van Cleve in violation of the ADA, 42 U.S.C. § 12112, by terminating her the day after receiving the return-to-work letter from her doctor by denying her accommodation request, without discussing alternative reasonable accommodations, and terminating her because of her disability.

### COUNT 2
*Age Discrimination in Employment Act*

28. Van Cleve incorporates and realleges the allegations contained in paragraphs 1-27.

29. At all relevant times, Van Cleve was an "employee" of MD Logistics within the meaning of the ADEA, 29 U.S.C. § 630(f).

30. Van Cleve is a qualified individual under the ADEA as she is at least 40 years of age.

31. MD Logistics discriminated against Van Cleve in violation of the ADEA, 29 U.S.C. § 621, by terminating her without cause or explanation when she was 64 years old.

32. MD Logistics was aware that Van Cleve was a qualified individual under the ADEA, as they acknowledged it in their Position Statement.

WHEREFORE, the Plaintiff Sharon Van Cleve prays that judgment be entered in her favor and against the Defendant MD Logistics, LLC, and for the following additional relief:

(a) Backpay, including restoration of fringe benefits;

(b) Pre-judgment interest;

(c) Reinstatement, or front-pay as an alternative to reinstatement;

(d) Compensatory damages to compensate Van Cleve for emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and pain and suffering experienced as a result of MD Logistics' illegal discrimination;

(e) Punitive damages;

(f) Reasonable attorney's fees and costs; and

(g) Such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ David T. Vlink*
David T. Vlink
Shannon Keating

**VLINK LAW FIRM LLC**
429 N. Pennsylvania St., Ste. 411
Indianapolis, IN 46204
Phone: (317) 353-9363
E-mail: skeating@fdgtlaborlaw.com
dvlink@fdgtlaborlaw.com

## DEMAND FOR TRIAL BY JURY

The Plaintiff, pursuant to Fed. R. Civ. P. 38, hereby demands trial by jury on all issues so triable.

*/s/ David T. Vlink*
David T. Vlink